## The Davis Coal & Coke Company, Appellant, *v.* James E. Price, Jr., trading as The Acme Coal Company.

*Affidavit of defense—Contract—Set-off.*

In an action to recover $1,918.56 for coal sold and delivered, defendant filed an affidavit of defense in which he averred that the plaintiff had failed to deliver to him according to its contract twelve hundred and eighty-four tons of coal, and that the advance in value of the said coal between the price at which he was to receive it, $2.60 per ton, and the market value of the same, $6.00 per ton, was $4,365.60 at the date of the breach of the contract. He claimed in his affidavit of defense that there was due him from the plaintiff the difference between plaintiff's demand, $1,918.56, and his damages, $4,365.60, viz: 2,447.04. *Held,* that the affidavit of defense was sufficient to carry the case to the jury.

Argued April 6, 1896. Appeal, No. 206, Jan. T., 1896, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 228, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, MC-COLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit for coal sold and delivered. Before GORDON, J.

Plaintiff claimed in its statement $1,918.56 for coal sold and delivered.

Defendant filed an affidavit of defense which was as follows:

I am the defendant in this suit. I owe the plaintiff nothing. It is indebted to me in a large sum for its failure to perform a contract. I claim not only to set off against the present claims what it owes me, but also to receive a certificate of indebtedness for the balance due me. This claim I make in this suit. The nature and character of my defense is as follows:

I admit that the amount of $1,918.56 is due to the plaintiff. My set-off against this claim, however, is for the sum of $4,365.60.

On April 17, 1894, I entered into a contract with the plaintiff through Arthur W. Howe, its agent in Philadelphia, by which it sold me 2000 tons of its Davis coal at the price of $2.60 per gross ton f. o. b. at South Amboy. I was to furnish a boat on the following day with a capacity of 350 to 400 tons to South Amboy, which it was to load at once; it was to furnish a second cargo lot of 400 tons by the latter part of the following week, and three additional cargo lots, of 400 to 450 tons each, at intervals of two or three days apart, after the second boat load, until the order was filled.

The matter having been arranged by Mr. Howe by telephone with the officers of plaintiff company in New York, was confirmed by a letter written to Mr. Howe by T. Moore, Jr., sales agent of the plaintiffs. This letter was communicated to me as embracing the terms of the contract and a copy of it is attached hereto, marked " exhibit A."

Three hundred and fifty-seven tons were delivered on April 21, 1894, and 359 tons on April 30, 1894, making 716 tons, of which the price under the contract was $1,861.60. Plaintiff claims advanced freight charges on the first cargo amounting to $28.42 and on the second to $28.54, a total of $56.96, making its claim against me $1,918.56, for which amount it brings this suit.

After the delivery of the second cargo, though I requested and urged plaintiff to comply with its contract and deliver the coal sold in accordance with the terms of the said contract, it failed to do so, postponing delivery from time to time until finally it stated in a letter to me dated May 24, 1894, that it expected to be able to load a boat for me " by Wednesday or Thursday of next week." To this I replied on May 28, 1894, calling the company's attention to the loss occasioned me by its delay, agreeing to its offer fixing the time of delivery as " Wednesday or Thursday," viz: May 30, 1894, or May 31, 1894, and notifying it that unless delivery was then made I should treat the contract as broken, and hold it responsible, requesting a reply by telegraph. It replied on May 29, 1894, by letter, declining to deliver, and it was not until June 21, 1894, that it tendered coal, which I declined to accept.

I was willing to take and pay for 2000 tons of coal according to the contract made by me with the plaintiff on April 17, 1894. Of this fact the plaintiff was well aware.

After delivering the quantity of coal for which suit is brought, plaintiff repudiated its contract and failed to deliver any further quantity.

I aver that the advance in value of the 1284 tons of coal which the plaintiff failed to deliver to me according to its contract, between the price at which I was to receive said coal and the market value of the same was $4,365.60.

I claim that there is due to me by the plaintiff for breach of its said contract with me and above the amount of $1,918.56, due by me to plaintiff, the sum of $2,447.04.

I claim the last named sum from the plaintiff and shall endeavor to recover it in this suit, with interest.

All the above facts are true and I expect to prove them on the trial of the cause.

By leave of court defendant filed the following supplemental affidavit of defense:

In my affidavit of defense heretofore filed I intended to aver and I do now aver that the advance in value of the 1284 tons of coal which the plaintiff failed to deliver to me according to its contract between the price at which I was to receive said coal and the market value of the same was $4,365.60 at the date of the breach of the contract by plaintiff, to wit, on the 31st day

of May, 1894, at which date the market value of said coal at South Amboy was, as I am informed and believe, and expect to be able to prove on the trial of this cause $6.00 per ton.

The court discharged the rule for judgment.

*Error assigned* was above order.

*J. V. M. M' Geoghegan*, of *Lagen & M' Geoghegan*, for appellant, cited Bank v. Spratt, 108 Pa. 103; Hamilton v. Calhoun, 2 Watts, 140; Markley v. Stevens, 89 Pa. 281; Lord v. Ocean Bank, 20 Pa. 387; Blydenburg v. Welsh, 1 Baldwin, 331; R. R. v. English, 86 Pa. 253; Kountz v. Kirkpatrick, 72 Pa. 376.

*John Douglass Brown, Jr.*, for appellee, was not heard, but cited in his printed brief on the measure of damages : 2 Sedgwick on Damages, 8th ed. 734; Fessler v. Love, 43 Pa. 313; White v. Tompkins, 52 Pa. 363; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536; Arnold v. Blabon, 147 Pa. 372; Corser v. Hale, 149 Pa. 274; Theiss v. Weiss, 166 Pa. 9; Bronson v. Silverman, 77 Pa. 94; Reznor v. Supplee, 81 Pa. 180; Moeck v. Little, 82 Pa. 354; Kaufman v. Cooper Iron Co., 105 Pa. 542; Landis v. West Penna. R. R., 133 Pa. 579; First Nat. Bank v. Scofield, 168 Pa. 407; Murphy v. Taylor, 37 W. N. C. 437.

PER CURIAM, April 13, 1896 :

We are not convinced that the learned court below erred in holding that the affidavit of defense is sufficient to carry the case to a jury. The appeal is therefore dismissed at plaintiff's costs, and without prejudice, etc.